**Cold Spring Harbor Constr. Corp. v Rosenblatt**

2025 NY Slip Op 33676(U)

October 8, 2025

Supreme Court, Nassau County

Docket Number: Index No. 601570/2025

Judge: Thomas Rademaker

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU – IAS/TRIAL PART 11

PRESENT: HON. THOMAS RADEMAKER

_____X

COLD SPRING HARBOR CONSTRUCTION
CORP.,

                                  **Plaintiff,**

-against-

STEPHEN ROSENBLATT, NATHAN
ROSENBLATT, CASEY DIEGO a/k/a
CASEY DIEGO ROSENBLATT,
STIFEL BANK & TRUST, and
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
AS NOMINEE for
LUXURY MORTGAGE CORP.

                                  **Defendants**

_____X

**Index No 601570/2025**

**Mot. Seq. 001**
**Submitted: 8/11/2025**
**DECISION AND ORDER**

UPON DUE DELIBERATION AND CONSIDERATION BY THE COURT of the foregoing papers, including e-filed documents/exhibits numbered 43 through 57, this motion is decided as follows:

The Defendant, Mortgage Electronic Registration Systems, Inc. as nominee for Luxury Mortgage Corp. ("Moving Defendant") moves the Court by Notice of Motion for an Order granting summary judgment in favor of Defendant in all respects.

On January 14, 2022, the Defendants, Stephen Rosenblatt and Nathan Rosenblatt (collectively, "Rosenblatt"), executed and delivered a promissory note as well as a mortgage, which secured the real property commonly known as 5722 Route 25A, Muttontown, NY 11732 as collateral as repayment of the promissory note. The mortgage was recorded in the Nassau

1

County Clerk's Office on February 8, 2022 at liber 46317, page 849. On or about December 26, 2024, the Plaintiff filed a Notice of Mechanic's Lien in the Nassau County Clerk's Office.

The Plaintiff filed their Summons and Complaint with the Court on January 22, 2025. The Complaint provides that Plaintiff was a general contractor engaged in a renovation project with the Rosenblatts, who on September 19, 2022, entered into a construction agreement with the Plaintiff, in which the Plaintiff agreed to perform and provide certain work, labor, and materials at the Premises in exchange for payment by the Rosenblatt Defendants. The Plaintiffs contend that the Rosenblatt Defendants failed to make payment to Plaintiffs and seek foreclosure of their mechanics lien upon the named Defendants. The Complaint seeks recovery based upon alleged breach of contract, quantum meruit, account stated, unjust enrichment, and foreclosure on mechanic's lien.

Issue was joined with respect to the Plaintiff and moving Defendant when Delaware Trustee of SMRF Trust II-A s/h/a Mortgage Electronic Registration Systems, Inc. as nominee for Luxury Mortgage Corp. ("Moving Defendant") filed its Answer with the Court on March 13, 2025. The Moving Defendant asserts several affirmative defenses, including the failure of the Plaintiff to state a cause of action as against the Moving Defendant, that documentary evidence warrants the denial for one or two claims, that Plaintiff failed to join a necessary party, that there was no privity of contract between Plaintiff and Moving Defendant, and that the Defendants' mortgage cannot be foreclosed because it was recorded first in time and is superior to the Plaintiff's lien. The Rosenblatt Defendants filed their Answer with the Court on March 21, 2025, denied the claim, and contend that the Plaintiffs "work under the Agreement deviated from generally accepted industry standards, failed to comply with the scope of work and standards in the Agreement and violated applicable building code." Joinder was completed when on May 27,

2

2025, the Defendant, Stifel Bank and Trust ("Stifel") filed their Answer with the Court which asserted several affirmative defenses, and asserted a cross claim against the Rosenblatt Defendants to "recover reasonable attorney's fees, costs, advances, and disbursements if it is required to protect its interest and rights in the subject property, including those required to defend the instant matter."

The Moving Defendants seek summary judgment in their favor based upon their position that a mechanic's lien is subordinate to a prior recorded mortgage. The Rosenblatt Defendants executed and delivered their promissory note and mortgage with the Moving Defendants on January 14, 2022, in contrast with the filing of the Mechanic's Lien by the Plaintiff on December 26, 2024. The Moving Defendants seek summary judgment on their Cross-Claim for Attorneys Fees and costs against the Rosenblatt Defendants., as the Moving Defendants were a named party in the instant mechanic's lien foreclosure action, and had to retain counsel to oppose the foreclosure action.

In opposition, the Rosenblatt Defendants acknowledge the superiority of the mortgage and the Plaintiffs, while naming the Moving Defendants as a party, have not filed opposition to the Moving Defendants motion and have not asserted that the mechanic's lien has priority over the mortgage. Ultimately, the priority of liens between the Plaintiff and Moving Defendant as determined by Lien Law 13[1] is not contested or at issue herein. Rather, it is the interpretation of the mortgage contract between the Moving Defendant and the Rosenblatt Defendants on the issue of legal fees which remains outstanding.

In support of their motion for summary judgment on costs and attorneys fees, the Moving Defendants contend paragraph 9 of the mortgage contract allows the lender to do whatever is reasonable to protect its interest in the Property and their rights under the mortgage. The Moving

3

[* 3]

Defendants contend that they were authorized to defend themselves as a party to the foreclosure action, and that the Rosenblatt Defendants' alleged default triggered the need for the Default Defendant to defend itself.

In contrast, the Rosenblatt Defendants contend that none of the elements of the section 9 regarding the lender's right to legal fees against the borrowers were triggered. These elements include that (1) a legal proceeding that significantly affects Lender's interest in the Property, (2) a legal proceeding which would give a Person rights that equal or exceed Lender's interest in the Property; or (3) a legal proceeding for enforcement of a lien which may become superior to the Security Instrument.

Ultimately, the position that the mortgage has priority over the claimed mechanic's lien is inconsistent with the idea that the Plaintiff's action at this juncture significantly affects the rights of the Lender's interest in the property. Furthermore, the Rosenblatts argued that the mechanic's lien was overstated, and that the Plaintiff did not perform their services in a workman like manner.

Accordingly, summary judgment in favor of the Moving Defendant and against the Plaintiff is **GRANTED** in part as the Moving Defendant's mortgage has priority over the mechanic lien claim, and the motion is **DENIED** in part with respect to the Moving Defendant's application for summary judgment against the Rosenblatt Defendants.

This constitutes the Decision and Order of the Court.

Dated: Mineola, NY
      October 8, 2025

_____
Hon. Thomas Rademaker, J. S. C.

4